UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GHAZIR GIRON LACAYO | CIVIL ACTION |
| VERSUS | NO. 08-4970 |
| ELAINE W. DIMICELI | SEC."J" (4) |

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I. **Complaint**

The Plaintiff, Ghazir Giron Lacayo ("Lacayo"), a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Elaine W. DiMiceli. In the complaint, it is alleged that, on August 4, 2008, Judge DiMiceli violated Lacayo's right of access to the courts and committed obstruction of justice and malfeasance in office. He complains that the judge failed to adequately advise him of "the dangers and disadvantages of self-representation." He

further complains that he was prejudiced when the time of his criminal hearing was changed without notice, thereby resulting in his counsel not being present for that hearing.

As relief, Lacayo seeks monetary damages, removal of Judge DiMiceli from the bench, a change in court policies, a formal apology, the dropping of his state criminal charges, and the appointment of a federal attorney to represent him.

## II.     **Standard of Review**

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]

A claim is frivolous if it lacks an arguable basis in law or in fact. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

---

[1] As used in § 1915A, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

(5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## III. Analysis

In this lawsuit, Lacayo seeks monetary damages based on the alleged violation of his rights by Judge DiMiceli during his state criminal proceedings. That relief simply is not available in this federal civil rights action.

As to any claims for damages against Judge DiMiceli in her official capacity, such claims are barred. A judgment against Judge DiMiceli in her official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

As to any claims for damages against Judge DiMiceli in her individual capacity, it is well established that absolute judicial immunity protects a judge from all such claims based on her judicial functions, so long as she did not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*,

3

64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claims against Judge DiMiceli are based on actions she took in Lacayo's state criminal proceedings. Because there is no question that Judge DiMiceli had jurisdiction over Lacayo's criminal case and that the challenged actions were performed in the exercise of her judicial functions, she is entitled to absolute immunity with respect to any claims against her in her individual capacity for monetary damages.

The Court notes that Lacayo also requests this Court to order that: (1) Judge DiMiceli be removed from the bench; (2) the state court policies be changed; (3) he be given a formal apology; and (4) his state criminal charges be dropped. However, those forms of relief simply are not available in a federal civil rights action.

Out of an abundance of caution, the Court further notes that Lacayo is also barred from seeking injunctive relief against Judge DiMiceli. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Guerin v. Higgins*, 8 Fed. App'x 31 (2nd Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000). Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

4

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.* at 46, 91 S.Ct. at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances. *See id.* at 502.

Lastly, the Court notes that Lacayo requests that a "federal attorney" be appointed to represent him. However, he clearly has no right to such an appointment in his state criminal proceeding, where he is already represented by counsel. To the extent that he is perhaps requesting appointment of counsel in this proceeding, it is clear that "[a] district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added); *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (setting forth the factors to be considered in determining whether counsel should be appointed). Because the instant case is subject to immediate dismissal for the reasons set forth in this opinion, appointment of counsel is not warranted.

**IV.** **Recommendation**

It is therefore **RECOMMENDED** that Ghazir Giron Lacayo's claims against Judge Elaine W. DiMiceli in her official capacity be **DISMISSED WITHOUT PREJUDICE** pursuant to the

Eleventh Amendment.

It is **FURTHER RECOMMENDED** that Ghazir Giron Lacayo's claims against Judge Elaine W. DiMiceli in her individual capacity be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 31st day of December, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**